## IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-30650

United States Court of Appeals
Fifth Circuit

**FILED**
August 1, 2018

Lyle W. Cayce
Clerk

MICHAEL L. SHWARTZ,

Plaintiff - Appellant

v.

HICHAM KHODR,

Defendant - Appellee

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:17-CV-629

Before KING, SOUTHWICK, and HO, Circuit Judges.

PER CURIAM:*

This is another suit in the long line of litigation regarding the trademarks associated with Camellia Grill and the second time that the parties are before this court. *See Uptown Grill, L.L.C. v. Shwartz*, 817 F.3d 251, 255 (5th Cir. 2016). Prior to Hurricane Katrina, Michael Shwartz operated the Camellia Grill in New Orleans, Louisiana, through Camellia Grill, Inc. ("CGI"). Shwartz owned the real property associated with Camellia Grill himself. Another one of his entities, Camellia Grill Holdings, Inc. ("CGH"), held

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-30650

the trademarks associated with Camellia Grill. In August 2006, he sold the Camellia Grill to Hicham Khodr through three contracts: (1) Shwartz transferred the real property to Rano, L.L.C. (Khodr's entity); (2) Shwartz, CGI, and CGH transferred tangible personal property and certain trademarks to Uptown Grill, L.L.C. (Khodr's entity); and (3) CGH gave permission to Grill Holdings, Inc. (Khodr's entity), to use the Camellia Grill trademarks. In the instant action, Shwartz attempts to recover for his claimed loss of the Camellia Grill trademarks, by alleging fraud and misrepresentation during the transfer of the Camellia Grill to Khodr's entities. Shwartz originally filed his complaint in the U.S. District Court for the Northern District of Mississippi; that district court then transferred the matter to the Eastern District of Louisiana. The transferee district court then dismissed Shwartz's claims, reasoning that he lacked standing to bring his claims. As CGH—not Shwartz—owned the Camellia Grill trademarks, CGH—not Shwartz—sustained the alleged injury. Therefore, Shwartz did not have standing to bring this action. Accordingly, we affirm the district court's dismissal.

AFFIRMED.